UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CHARLES E. BREVEARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-15-JD-MGG |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Charles Brevard, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the prison disciplinary hearing (WCC 16-06-650) where a Disciplinary Hearing Officer (DHO) found him guilty of possession of dangerous contraband in violation of Indiana Department of Correction (IDOC) policy A-106. ECF 5 at 1. As a result, he was sanctioned with the loss of 82 days earned credit time and was demoted from Credit Class B to Credit Class C. In his petition, Breveard identifies one basis that entitles him to habeas corpus relief.

Breveard argues that the DHO had insufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

1

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Breveard's cell was searched on June 24, 2016. As a result of contraband discovered during the search, Breveard received two Conduct Reports. The Conduct Report at issue in Breveard's present petition charged Breveard as follows:

> On 6-24-16 I officer Geleske, P. was conducting a shakedown on offender Breveard, Charles #127598 bed area and property box when I located a loose combination lock inside offender Breveards property box. I also located another combination lock hanging from the edge/lip of offender Breveards bunk. Offender Breveard has a Norex box which already has an attached combination lock.

ECF 12-1. The second Conduct Report charged Breveard with committing an unauthorized financial transaction, based on documents discovered in Breveard's "bed area." ECF 12-9. However, this second Conduct Report was later dismissed after the DHO learned that, at the time of the shakedown, Breveard had been assigned to the upper bunk, but the contraband had been discovered in the "bed area" of the lower bunk. ECF 12-11. The DHO in Breveard's second disciplinary case determined that he was not guilty because the documents were not found in the bunk he occupied at the time of the search.[1]

In his present petition, Breveard raises the same argument, claiming that his discipline for possession of the combination locks should be dismissed because these items were not discovered in his bed area. In this court's order to show cause, the court specifically flagged this issue for Respondent. ECF 7. Yet, Respondent has not adequately explained how the DHO was able to determine that the reporting officer correctly identified Breveard's property and living space in the

---

1 It is unclear whether the same DHO presided over Breveards two disciplinary hearings, as Respondent's exhibit stickers have been placed over the portion of the electronically filed disciplinary hearing report that identifies the name of the DHO.

first conduct report, but not the second.

Respondent claims that the two disciplinary cases should be treated differently because the Conduct Report in this case states that the contraband was discovered inside Breveard's property box, and the contraband in the second case was discovered in Breveard's "bed area." ECF 12 at 7-8. Respondent suggests that while the reporting officer incorrectly identified Breveard's bed area, the officer did correctly identify Breveard's property box. But Respondent does not explain why this must be true. Respondent does not explain whether Breveard's name was on his property box, whether the owner of the box was identified by property in the box, and does not explain where the two prisoners' property boxes were stored within the cell. In the order to show cause, Respondent was ordered to file the entire administrative record relevant to this disciplinary proceeded. Based on this evidence, there is simply not enough information available to uphold the DHO's finding.[2] Therefore, Breveard is entitled to habeas corpus relief.

For these reasons, the habeas corpus petition is **GRANTED**. The Respondent is **ORDERED** to file documentation by **November 20, 2017**, showing that the guilty finding in WCC 16-06-650 has been vacated and that any earned credit time or demotion in credit class that Breveard suffered as a result of this guilty finding is restored.

**SO ORDERED**.

ENTERED: October 23, 2017

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[2] While Breveard was charged with unauthorized possession of two combination locks, Respondent acknowledges that one of these locks was discovered on the lower bunk, and was thus not discovered in Breveard's bed area. ECF 12 at 8.

3